## City Of Morehead v. Commonwealth.

October 29, 1948.

J. H. Powers for appellant.

A. E. Funk, Attorney General, Squire N. Williams, Jr., Assistant Attorney General, J. Sidney Caudel, Commonwealth's Attorney, and E. M. Hogge for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming modified judgment.

The question is whether the Commonwealth or a city of the fifth class is entitled to the proceeds of sale of an automobile seized and sold as contraband under the provisions of the Alcoholic Beverage Control Statute.

On a plea of guilty in the police court of Morehead of the charge of transporting alcoholic liquor without a permit, one Fogle was adjudged to pay a fine of $200. It was further adjudged that thirteen cases of whisky and an automobile belonging to Fogle then being held by the police were contraband, and it was ordered that the whisky be "turned over to the State Alcoholic Beverage Control Board and the automobile be sold as required by law." The Sheriff of Rowan County was directed to sell the confiscated car and make report to the court.

Several months later Fogle filed a petition of claim and delivery of the car in the circuit court. It is against two individuals, whose connection with the matter is not shown. The Commonwealth's Attorney interpleaded and made the City of Morehead a party. He asked for a rule against the city to show cause why the proceeds of the confiscated automobile should not be paid to the circuit court clerk as provided in KRS 242.360, a part of the Local-Option Statute. On these pleadings, the court adjudged that the proceeds, $882.11, less costs, be paid to the clerk of the Rowan Circuit Court to be reported as other fines and forfeitures. The city appeals.

The city contends it is entitled to the money under the terms of KRS 26.530(5), which provides: "All fines, forfeitures and costs recovered in any court, by prosecution originating in the police court of a city of the fifth or sixth class, in the name of or in favor of the state, shall be paid into" the general fund of the city treasury. The Commonwealth, by the Commonwealth's Attorney and the County Attorney of Rowan County, contends that the judgment is correct as a forfeiture under the provisions of KRS 242.360(4) prescribing disposition of such funds where alcoholic beverages are illegally possessed or transported in any vehicle in dry, or local option, territory.

It seems to us that neither is the proper disposition in this case. The judgment of the police court, aptly

drawn, was that the defendant was guilty of violating the Alcoholic Beverage Control Statute. KRS 241.010 et seq. Immediate disposition of the whisky was adjudged to the State Alcoholic Beverage Control Board, but disposition of the proceeds of the contraband automobile was impliedly reserved until the report of its sale had been filed with the court. The Alcoholic Beverage Control Statute and the Local Option Statute, KRS 242.010 et seq., are distinct and separate laws. The general provision for payment of fines and forfeitures adjudged in a police court in cities of the fifth class, into the general fund of the city, KRS 26.530(5), is qualified by the clause, "unless set apart by statute or ordinance for other purposes." KRS 244.180 declares contraband, whether found and seized in dry territory or not, any property used or intended for use in connection with the "unlawful traffic in alcoholic beverages," subsection (2), and, more specifically, any vehicle in which any person is "illegally possessing or transporting alcoholic beverages." Subsection (7), KRS 244.190 authorizes all peace officers, and administrators and field representatives of the Department of Alcoholic Beverage Control, to seize contraband "regardless of whether it is in dry territory or not, and hold it subject to the order of the court before which the owner or one in possession of the contraband has been charged with violation" of either the local option law or KRS 243.020, which is a section of the Alcoholic Beverage Control Act prohibiting traffic in intoxicating liquor in "wet territory" without a license or permit. KRS 244.190 further provides that upon conviction of the defendant, the court shall enter an order "vesting title to all the contraband property" in the State Alcoholic Beverage Control Board. However, this qualification is added: "If the property is seized in dry territory, title shall vest in the board only if the property was seized by the state administrators or field representatives of the department, or was released to the department by other officials."

It is not shown in this record that Morehead, or any other place that this contraband may have been seized, was in dry territory, or whether it was seized by police officers or by representatives of the board. The judgment speaks for itself. We may say as a mat-

ter of presumption that it was not dry territory, else the prosecution would have been under the local option law instead of the alcoholic beverage control law. See Stroud v. Commonwealth, 291 Ky. 588, 165 S. W. 2d 172. And the fact that the court ordered the whisky to be turned over to the board affords the additional presumption that if it was dry territory, then the contraband was seized by representatives of the board, and that the proceeds of the automobile should go in the same way the liquor went; i. e., to the board.

The judgment was that the proceeds should go to the Commonwealth, but it erroneously directs payment to the circuit court clerk, as in a case of forfeiture under the local option law. This is a matter of detail which may be corrected by the court. Subject to this modification, the judgment is affirmed.